## ALBERT BUTLER v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*Railroad company—Purchasing agent—Order for timber—Right to transfer same must be shown—Station agent—Authority of—Evidence.*

Defendant's purchasing agent ordered a quantity of square timber of a firm at Mason, Michigan, to be shipped to its car shops at Spring-wells. The firm being unable to fill the order, one of the members

called upon plaintiff and informed him of the fact, and stated to him
that defendant wanted the timber immediately, and if his firm could
not furnish it, they were authorized by defendant to get some one
else to do so.   Plaintiff thereupon delivered the timber to defend-
ant's station agent at Mason, who had no authority from defendant
to purchase or contract for same, but who billed the timber to defend-
ant at Detroit in the name of plaintiff, as consignor.   A voucher was
forwarded to the agent in favor of said firm, who paid them the
money, but they never paid plaintiff.

*Held*, in an action of assumpsit brought by plaintiff against the
defendant for the value of the timber, that the station agent had no
power to bind his company for payment for the timber, and the
authority of the firm to transfer the order to plaintiff not appearing,
the testimony of the co-partner in that regard was improperly re-
ceived.

Error to Ingham.  (Gridley, J.)   Argued February 5,
1886.  Decided February 10, 1886.

Assumpsit.   Defendant brings error.   Reversed.   The
facts are stated in the opinion.

*M. V. & R. A. Montgomery*, for appellant :

There is no pretense of an express contract for the pur-
chase of the timber of plaintiff, and the facts preclude an
implied one.   Express and implied contracts do not differ in
nature, but in the mode of substantiation ; and neither can
arise unless the parties sustain contract relations, and are in
privity with each other :  *Woods v. Ayres*, 39 Mich. 345.

*A. B. Haynes, & Huntington & Henderson*, for plaintiff :

The timber was not shipped or furnished upon the credit
of Keeler & Dunning, hence the transaction is the ordinary
one of goods sold and delivered by the plaintiff to the defend-
ant.   While it may be true that the timber was not ordered
by defendant of plaintiff, or delivered at its request, it was
received, accepted, and used by defendant, and from these
facts the law implies a promise to pay what the timber is
reasonably worth : Addison on Contracts, vol. 2, § 583.

SHERWOOD, J.  In this case, the record shows that the pur-
chasing agent of the Michigan Central Railroad Company,
Allen Bourn, sent to Keeler & Dunning, at Mason, Michi-

gan, an order for a quantity of square timber. Keeler & Dunning being unable to fill the order, Mr. Dunning called upon the plaintiff, and told him they were out of the business, and could not fill the order, and Mr. Butler swears Dunning told him the company wanted the timber immediately, and if " they [Keeler & Dunning] could not furnish the timber, to get some one else to do so."

Butler delivered the timber to the defendant's station agent at Mason, for shipment, who had no authority to purchase or contract for it ; but he did bill it to Detroit in the name of Butler as consignor. The order was given to Keeler & Dunning, and a voucher was made out running to them and forwarded to the station agent at Mason, who paid for the timber to them, and they receipted the voucher, but have never paid Butler the money. Neither does it appear that Butler ever called upon them for the money. He now sues the company for the value of the timber, in assumpsit, and was allowed to recover against the defendant at the circuit, upon what he claims as an implied liability.

We think this recovery, under the circumstances, was wrong. The station agent had no power or authority to bind the company for payment, and the testimony that Keeler & Dunning informed the plaintiff that the company wished him to fill the order, was improperly received, it not appearing that he had any authority so to do. The company had the right to rely upon the order it had given in making payment, and the judgment must be reversed, with costs, and a new trial granted.

CAMPBELL, C. J. and MORSE, J., concurred.

CHAMPLIN, J. I concur in the result.